IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Danielle R. Harrigan <br> _Debtor_ | CHAPTER 13 |
| loanDepot.com <br> _Movant_ <br> vs. <br> Danielle R. Harrigan <br> _Debtor_ | NO. 14-10652-AMC |
| William C. Miller <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION IN CONSENT OF DEBTOR'S MOTION TO RECONSIDER ORDER MODIFYING AUTOMATIC STAY RE: 1827 SOUTH 23RD STREET, PHILADELPHIA, PA 19145

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Whereas, on April 6, 2016, Movant filed a Motion for Relief from the Automatic Stay with regard to the real property owned by the Debtor, located at 1827 South 23rd Street, Philadelphia, PA 19145;

2. Whereas, the aforesaid Motion for Relief was resolved through an Order entered on July 21, 2016 (docket entry 48) granting approval of the parties' Stipulation filed on July 20, 2016 (docket entry 47);

3. Whereas, Movant filed a Certification of Default on January 24, 2017 certifying to a default under the terms of the Stipulation, and an Order granting relief from the automatic stay was subsequently entered on January 26, 2017 (docket entry 51);

4. Whereas, the current post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$4,925.36**, itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | October 2016 through April 2017 at $778.44 per month |
| Minus Post-Petition Suspense: | ($523.72) |
| **Total Post-Petition Arrears** | **$4,925.36**; |

5. It is hereby agreed that the Debtor shall cure the aforesaid arrearage in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall modify the confirmed Chapter 13 Plan to provide for payments from the Trustee to

Movant going toward cure of the aforesaid post-petition arrears in the amount of $4,925.36.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the aforesaid post-petition arrears in the amount of $4,925.36 along with the pre-petition arrears.

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

6. Beginning with the payment due May 1, 2017, and continuing monthly thereafter, Debtor shall pay the present regular monthly mortgage payment of $778.44 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month) to the address listed below:

    Cenlar FSB, 425 Phillips Blvd, Ewing, NJ 08618.

7. In the event that the payments under Section 6 above are not tendered pursuant to the terms of this Stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay, for which the parties waive the stay provided by Bankruptcy Rule 4001(a)(3).

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. Upon Debtor's compliance with the terms of this Stipulation with regard to the filing of a modified plan, and the Court's acceptance of such plan, and Movant's filing of an amended or supplemental proof of claim, Movant shall waive its right to use any default in post-petition payments that were due prior to the month of May 2017, or any default under the terms of court-approved Stipulation filed on July 20, 2016, as a basis to obtain relief from the automatic stay.

12. Movant will not be agreeable to any additional stipulations or consented orders regarding this loan should the loan become delinquent moving forward, and Movant shall not be required to agree to same.

13. A facsimile signature on this document shall be considered an original signature.

Date:  April 20, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 4/24/17

Brad J. Sadek, Esq.
Attorney for Debtor

Date: 4-24-17

William C. Miller, Esq. JACK MILLER
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order.

_____
Ashely M. Chan
United States Bankruptcy Judge